UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>MICHELE LEE SMITH,<br><br>                    Defendant. | NO. 2:18-CR-0232-TOR-16<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 852. The Government has submitted its opposition. ECF No. 854. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

On May 22, 2019, Michele Lee Smith appeared before the Court and entered a plea of guilty to five counts of the Indictment filed on December 18, 2018, charging her with Mail Fraud, in violation of 18 U.S.C. §§ 1341, 2 (Counts 18, 43, 45, and 46); and Conspiracy to Commit Mail and Wire Fraud, in violation of 18

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  U.S.C. §§ 1341, 1343, and 1349 (Count 73). ECF No. 384, 388.  On January 8,

2  2018, this Court sentenced Defendant to, inter alia, a 10-month term of

3  imprisonment, followed by a 3-year term of supervised release.  ECF No. 766.

4  Defendant was ordered to surrender for the service of her sentence as notified by

5  the United States Probation Office.  *Id*.

6      Defendant claims to have delivered by facsimile a request for compassionate

7  release to the Warden at FDC SeaTac on April 6, 2020.  ECF Nos. 852 at 2; 856 at

8  2, 11.  The Government disputes that any request was so delivered.  ECF No. 854

9  at 5.  On May 13, 2020, Defendant filed the instant motion seeking compassionate

10 release.  ECF No. 852.  Defendant seeks to serve her remaining sentence on home

11 confinement.  *Id*. at 14, 22, 23.  She explains that she "suffers from both moderate

12 to severe asthma and COPD, a combination known as Asthma-COPD overlap

13 syndrome" (ACOS).  *Id*. at 5.  She reasons that "[p]ersons with '[c]hronic lung

14 diseases, such as chronic obstructive pulmonary disease (COPD) . . . may put

15 people at higher risk for severe illness from COVID-19.'"  *Id*.  Defendant seeks

16 release because in the middle of this dangerous pandemic, she is immersed in an

17 environment where social distancing and hygiene are problematical.  *Id*. at 13, 20.

18                              **DISCUSSION**

19   **A. Eligibility for Compassionate Release**

20      Federal courts have the statutory authority to modify an imposed term of

imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant

poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4)

other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.

### B. Exhaustion or Lapse of 30 days

Under penalty of perjury, Defendant submitted a copy of a letter she claims she faxed to the Warden of FDC SeaTac, along with a copy of the facsimile confirmation sheet.  ECF No. 856 at 2, 8-9, 11.  An unsworn email dated May 20, 2020, from an attorney at FDC SeaTac claims "[t]he BOP has no record of any compassionate release request ever filed by . . . inmate Michele Smith."  ECF No. 854-1.  Given the parties' competing claims, the weight of the evidence and the lapse of time since the BOP either received the original request or was subsequently made aware of this claim, the Court finds Defendant has exhausted her administrative remedies.

### C. Extraordinary and Compelling Reasons

Defendant contends that her medical condition presents an extraordinary and compelling reason to justify a reduction in sentence.  Defendant argues that at age 50, with asthma and COPD (ACOS), she is highly susceptible to coronavirus risks.  Significantly, Defendant does not allege there are any cases of coronavirus at the SeaTac facility or that she has contracted the virus.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society.  Fear of the virus does not warrant

immediate release.  In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

D. **Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.

At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing.  Once again, the Court has fully considered these factors in light of the developments since sentencing.  Of particular note is that the criminal conduct here was not a one time event, but was repeated three times over three years.  Her criminal conduct contributed to nearly a half of a million dollar loss to the insurance companies.  This is not the first brush with the law, in 1997 Defendant was convicted of theft for stealing from her employer.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  The sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she poses no danger to the community. ECF No. 852 at 20. The Court agrees that she presents a minimal financial risk to the community.

## CONCLUSION

Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction. Moreover, Defendant has failed to establish "extraordinary or compelling reasons" which would warrant a sentence reduction in her case. COVID-19 is a pandemic inside and outside prison, but Defendant has not shown that her circumstances warrant early release.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 852, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** June 24, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7